IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHERMAN LAMONT FIELDS | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv464 |
| DIRECTOR, FEDERAL BUREAU OF PRISONS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Sherman Lamont Fields, an inmate confined at the United States Penitentiary located in Beaumont, Texas, proceeding *pro se*, brought the above-styled lawsuit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff submitted an application to proceed *in forma pauperis* in this action. A review of the application revealed plaintiff should pay an initial partial filing fee of $31.67. Accordingly, on December 15, 2021, plaintiff was ordered to pay an initial partial filing fee within thirty (30) days. Plaintiff subsequently paid the initial partial filing fee as ordered. Therefore, on April 25, 2022, plaintiff's application to proceed *in forma pauperis* was granted, and plaintiff was directed to execute all consent forms and other documents required by the agency having custody of plaintiff to authorize the necessary withdrawals from his prisoner trust account.

Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962).

The copy of the order mailed to plaintiff was returned to the court with the notation "Refused." Accordingly, plaintiff has prevented the court from communicating with him and has failed to execute the withdrawal authorization forms as directed. Thus, plaintiff has failed to diligently prosecute this case. Therefore, this case should be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

### Recommendation

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

### Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 5th day of July, 2022.

_____
Zack Hawthorn
United States Magistrate Judge