IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

SHERMAN LAMONT FIELDS

v.                              No. 1:21-cv-464

DIRECTOR FEDERAL BUREAU OF
PRISONS, et al.

PETITIONER'S OBJECTIONS TO REPORT OF MAGISTRATE JUDGE

TO THE HONORABLE JUDGE MARCIA A. CRONE:

COMES NOW Sherman Lamont Fields, the petitioner, pro se, respectfully files his objection to the Report of Magistrate Judge, recommending to dismiss petitioner's lawsuit without conducting an evidentiary hearing or resolve factual disputes. Petitioner makes the following objections to wit:

Petitioner objects to the Report of the Magistrate Judge (hereinafter "RMJ"), mischaracterization of his Constitutional claims. ("[T]o seek redress through § 1983 a plaintiff must assert the violation of a Federal right, not merely a violation of Federal law.") Blessing v. Freestone, 520 U.S. 329, 340 (1997) (emphasis omitted). Under this standard the Supreme Court

1

has recognized § 1983 actions for violations of inter alia, 'The Free Speech Clause'. See <u>Waters v. Churchill</u>, 511 U.S. 661, 668 (1994); 'The Due Process Clause'. See <u>Carey v. Piphus</u>, 435 U.S. 247, 266-67 (1978); 'The prohibition on Cruel and Unusual Punishment.' <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004). And 'The Equal Protection Clause'. See <u>Hibbs v. Wing</u>, 542 U.S. 88, 93 (2004). The Court recognized similar implied rights under the Equal Protection component of the 5th Amendment Due Process Clause. See <u>Davis v. Passman</u>, 442 U.S. 228, 234 (1979), and the 8th Amendment prohibition on Cruel and Unusual Punishment. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994); <u>McCarthy v. Madigan</u>, 503 U.S. 140 (1992); <u>Carlson v. Green</u>, 446 U.S. 14, 19 (1980). In <u>Bush v. Lucas</u>, 462 U.S. 367, 368 (1983), and <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 421-22, 428-29 (1988), the Court limited the availability of a <u>Bivens</u> action for federal employees because Congress appeared to have created a comprehensive remedial scheme. But in none of these cases did the Court say that it would be permissible to deprive a plaintiff of "any" remedy for the violation of a right. Not only has the Supreme Court recognized that the Constitution confers private rights, but it has also extended those rights to the common-law principle that the violation of a right warrants at least nominal damages.

A legally and Judicially cognizable "injury requires an invasion of a legally protected interest which is ... concrete and particularized" as is the case here in Fields. See Raines v. Byrd, 521 U.S. 811, 819 (1997) (omission in original) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). In Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 772-73 (2000) the Court stated that the "interest must consist of obtaining compensation for, or preventing, the violation of a legally protected right." Mr. Fields' injur(ies) occured "as a result" of the illegal conduct of the government: Lujan v. Defenders of Wildlife; Supra; United States v. Richardson, 418 U.S. at 177 (1974).

Petitioner objects to the RMJ misstatement on the Procedural History of the case. The RMJ concludes that "a complaint lacks an arguable basis in fact [ ] after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless" (quoting Denton v. Hernandez, 504 U.S. at 32 (1992). Contrary to the RMJ findings Mr. Fields alleged material facts in the complaint that the Court should have liberally construe[d], granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)); (i.e) Prison officials are

3

deliberately indifferent to his serious medical needs; Prison officials affected Cruel and Unusual Punishment, violated Due Process, retaliated against him and violated his First Amendment right to Access the Courts). Mr. Fields laid out the facts and elements of each claim with enough factual matter to 'state a claim to relief that is plausible on its face'. Ashcroft v. Iqbal, 556. U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570 (2007). And there haven't been an opportunity for Mr. Fields to present additional facts and/or evidence to support the claims because those facts/evidence is in the possession of the defendants and the Plaintiff can't get access to it without Court intervention; (i.e.) documentary evidence, physical evidence, et cetera. The &MJ findings based on the facts set forth in the lawsuit doesn't provide Mr. Fields his Constitutionally adequate Due Process under the 5th Amendment. Mr. Fields asserted facts throughout his lawsuit which warrants the weighing of fact by a Jury of his peers. The Constitution assigns the "fact finding" function "solely to the Jury". This duty cannot be interfered with. See Ulster County Court v. Allen, 442 U.S. 140, 169, 99 S.Ct. 2213, 2231, 60 L.ed.2d 777 (1979) (Powell, J., dissenting), nor delegated to another entity. The Constitution does not allow a Court to arrogate to itself a

4

function that the [Plaintiff], under the 5th and 14th Amendment can demand be performed by a Jury. The evidence in possession of the Defendants will undoubtedly prove the claims in the Plaintiff's lawsuit, that along with witness testimony warrants relief and requires an evidentiary hearing to resolve the factual dispute. The RMI findings and conclusions is wrong and woefully inadequate because the lawsuit clearly explains each claim and allegation and given the opportunity to present his case, along with the evidence in the defendant's possession any reasonable Juror would find in Mr. Fields favor.

Petitioner objects to RMI findings and conclusions that Mr. Fields' claims "arise in a new context". This lawsuit has been ongoing for five years and Mr. Fields still haven't received treatment for the "torn meniscus" in his knees. Now Mr. Fields also have a tumor on his right arm that he believes is cancerous and prison officials have failed to do the appropriate tests. The eighth Amendment forbids cruel and unusual punishment. Bass v. Perrin, 170 F.3d 1312, 1316 (11th Cir. 1999). Specifically, the 8th Amendment prohibits punishments "which are incompatible with the evolving standards of decency that mark the progress of a maturing society" or "which involve the unnecessary and wanton infliction of pain". Estelle v. Gamble, 429 U.S. 97, 102-103, 97 S.Ct. 285, 290, 50 L.ed.2d 251

(1976). The BNJS attempts to trivialize Mr. Fields' retaliatory transfer to a more distant prison; something that other Courts take seriously. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001); Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir. 1987); Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985). And Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 586 (D.C. 2002) (holding that falsifying a transfer memorandum resulting in reclassification as a "special offender" and a transfer to a less desirable prison in retaliation for filing grievances and contacting public officials, stated a Constitutional claim.) Toolasprashad, is Fields in a nutshell. Fields was transferred for filing grievances and lawsuit(s) via a falsified transfer memorandum and sent to a worse prison far away from his home in Texas. Fields was labeled as a security threat and he lost his personal property; that satisfies the "ordinary firmness" standard and damages should be awarded. See Spruyette v. Hoffner, 181 F. Supp. 2d 736, 742-45 (W.D. Mich. 2001). Prison officials can effect cruel and unusual punishment when they deliberately abuse their power, without regard to legitimate punitive purposes in a calculated effort to harass inmates. Hudson v. Palmer, 468 U.S. 517, 524, 82 L.ed. 2d 393, 104 S.Ct. 3194 (1984); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)(per curiam); Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986); Banton v. Livingston,

6

791 F.2d 97 (8th Cir. 1986); Whitley v. Albers, 475 U.S. 312, 327, 89 L.ed.2d 251, 106 S.Ct. 1078, (1986); Meriwether v. Faulkner, 821 F.2d 408, 415 (7th Cir. 1987). The 8th Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned or are totally without penological justification. Rhodes v. Chapman, 452 U.S. 337, 346, 69 L.ed.2d 59, 101 S.Ct. 2392; Caldwell v. Miller, 790 F.2d 600.

Petitioner objects to the RMR findings and conclusions that prison officials tampering with legal mail and denying Mr. Fields Access to Courts is a claim where relief can't be granted. Mr. Fields was injured where failure to forward his legal mail prevented him from receiving notice of a summary judgment motion, resulting in the dismissal of his case and loss of the right to appeal. Simkins v. Bruce, 406 F.3d 1239, 1243-44 (10th Cir. 2005). That's one instance; and in that case after Mr. Fields learned of the dismissal the Court refused to reopen the case; thus that injury is concrete. But in numerous other instances Mr. Fields' legal mail never reached him or his intended target. Mr. Fields have written numerous documents to a court and upon inquiring or checking the docket the documents never reached their destination. An officer informed Mr. Fields that "in the office"

he's been labeled a "paper pusher", explaining that they read my legal mail and "if it's adverse to the government they dispose of it." Prisoners possess a constitutional right of access to the Courts, including having the ability ... to prepare and transmit a necessary legal document to the Court. Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993). Interference with a prisoner's right to access to the Courts is a constitutional deprivation. Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). A prison facility must ensure that its inmates have a reasonably adequate opportunity to present claimed violations of fundamental Constitutional rights to the Courts." Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 822 (1972). Mr. Fields is further denied access to the Courts when prison officials fail to respond to grievances. Title 42 U.S.C. § 1997(a) provides that "[N]o action shall be brought with respect to prison conditions under Section 1983 of this Title, or any other Federal law, by a prisoner confined in any Jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A refusal to respond makes the process unavailable and a denial of Mr. Fields' First Amendment right to petition the government

8

for redress. Lewis v. Sheahan, 35 F.Supp.2d 633, 637 (N.D. Ill. 1999) (addressing recovery for the intrinsic harm arising from violation of one's right of access to the courts). Mr. Fields is entitled to relief for a violation of his First Amendment rights aside from any physical, mental, or emotional injury he [is] sustaining. Rowe v. Shake, 196 F.3d 778, 781-82 (7th Cir. 1999).

Petitioner objects to the RMJ Findings and Conclusions that Mr. Fields, "has failed to allege or demonstrate the defendants personally participated in the alleged wrongdoing. Besides the defendants captioned on the cover page, Mr. Fields sued "John Doe(s), the people whose names he doesn't know, but whose identity will be revealed once Prison officials turn over the documents/evidence that they're withholding, that proves Mr. Fields claims.

Petitioner further objects to the RMJ findings and Conclusions that Mr. Fields "had another avenue of relief through the Federal Tort Claims act (FTCA)" and "he either did not pursue it or failed to pursue it properly." Mr. Fields must pursue the FTCA by and through the same officials that refuse to answer administrative remedies. Mr. Fields inquired, and was told by his counselor that the FTCA does not offer the

9

"kind of relief Mr. Fields is requesting". Mr. Fields filed the FTCA forms anyway and no one ever responded. In Ashby v. White, 2 Ld. Raym. 938, 953-56, 92 Eng. Rep. 126, 136-37 (1702) (Holt, C.J., dissenting), rev'd, 3 Salk. 17, 91 Eng. Rep. 665, he explained that "[I]f the plaintiff has a right, he must of necessity have a means to vindicate and maintain it, and a remedy if he is injured in the exercise or enjoyment of it; and indeed it is a vain thing to imagine a right without a remedy; for want of right and want of remedy are reciprocal." Id. at 953, 92 Eng. Rep. at 136 (footnote omitted)). Chief Judge Holt argued... "for a damage is not merely pecuniary, but an injury imports a damage, when a man is thereby hindered of his right. Id. at 955, 92 Eng. Rep. at 137)). Justice Holt stated "[I]n an action for slanderous words, though a man does not lose a penny by reason of speaking them, yet he shall have an action. So if a man gives another a cuff on the ear, though it cost him nothing, not so much as a little diachylon, yet he shall have his action, for it is a personal injury. So a man shall have an action against another for riding over his ground, though it do him no damage; for it is an invasion of his property, and the other has no right to come there." Id.

This was reiterated in Marbury v. Madison, 5 U.S. (1 Cranch) 137, 163 (1803) holding that "Where there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded." Mr. Fields' First, Fifth, Eighth and Fourteenth Amendment rights have been invaded and violated; he shall have his action. The RMJ attempts to short circuit the process by denying Mr. Fields a remedy, claiming Bivens only support three actions. Constitutional provisions do not change, but their operation extends to new matters, as modes of business and habits of life of people vary with each succeeding generation. In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.ed. 1092 (1895). The core duty of the Judiciary is to remedy private legal wrongs by awarding relief when there has been a violation of a private right. See Richard H. Fallon, Jr., Marbury and the Constitution, Mind. 91 Cal. L. Rev. 1, 21 (2003); Louise Jaffe, The Citizen as Litigant in Public Actions, 116 U. Pa. L. Rev. 1033, 1034 (1968) ("[T]he central function of the Courts is the determination of the individual's claim to 'just treatment... [W]here the citizen is demanding his legally prescribed due...") As one 19th century treatise explains, the power of the Court is "the authority to determine the rights of persons or property, by arbitrating

between adversaries, in specific controversies, at the instance of a party thereto. Samuel T. Spear, 'The Law of the Fed. Judiciary 3 (New York, Baker, Voorhis and Co. 1883) (citation omitted) This is what Chief Justice Marshall meant when he said that "the province of the Court is, solely, to decide on the rights of individuals". Marbury v. Madison, 5 U.S. (1 Cranch) 137, 170 (1803). Alexander Hamilton stressed that the Courts were "to guard the Constitution and the rights of individuals". The Federalist No. 78, at 469 (Alexander Hamilton)(Clinton Rossiter ed., 1961). And that without a Judicial check "the reservations of particular rights or privileges would amount to nothing." Id. at 466. See Pushaw, at 423 & n. 145.

For the reasons laid out supra the Court should reject the R&I Report and Recommendation and allow Mr. Fields to proceed.

Respectfully Submitted on this 1st day of December 2025.

            Sherman L. Fields
            #15651-180
            USP Lee
            P.O. Box 305
            Jonesville, VA
            24263
            Pro Se
            Sherman L. Fields



Sherman Fields
#15651-180
USP LEE
P.O. Box 305
Jonesville, VA
24263

To the Clerk
U.S. District Court
300 Willow Street, Suite 104
Beaumont, Texas 77701-2217